IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRONE COLE, #266538, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-84-ECM |
| | ) |
| ALA. DEPT. OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tyrone Cole, an indigent state inmate currently confined at the Kilby Correctional Facility. In this complaint, Cole challenges the constitutionality of the force used against him by officer Edwards on January 1, 2020 in the kitchen at Kilby. Doc 1 at 3. Cole names the Alabama Department of Corrections and officer Edwards as defendants.

Upon thorough review of the complaint, the court concludes that the claims presented by Cole against the Alabama Department of Corrections are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915A(b)(1).[1]

---

[1] Since the complaint is one filed by a prisoner who seeks redress from a state correctional officer, this court is therefore required to screen the complaint in accordance with the provisions of 28 U.S.C. § 1915A(a). The statute further directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

## II.  DISMISSAL OF DEFENDANT

Cole names the Alabama Department of Corrections as a defendant.  The law is well-settled that the State of Alabama and, by extension, its departments are absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against the State or any department thereof as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding that where the State of Alabama has not consented to suit the Eleventh Amendment bars suits against the State and its agencies).  The State of Alabama has not consented to suit.  Consequently, any claim brought against the Alabama Department of Corrections by Cole is frivolous as such claim is "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Alabama Department of Corrections be summarily dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915A(b)(1).

2.  The Alabama Department of Corrections be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claim against officer Edwards for excessive use of force, be referred back to the undersigned for appropriate proceedings.

On or before **March 18, 2020**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and

legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 3rd day of March, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge