IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRONE COLE, #266538, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-84-ECM |
| ) | [WO] |
| OFFICER EDWARDS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tyrone Cole, an indigent state inmate at the time of filing, in which he challenges the constitutionality of actions taken against him at the Kilby Correctional Facility on January 1, 2020. Doc. 1 at 23.

The defendant filed a special report supported by relevant evidentiary materials in which he denies any violation of Cole's constitutional rights. *See* Doc. 28, Docs. 28-1 through Doc. 28-6. Cole filed a response to the defendant's report on November 18, 2020. Doc. 31.

On January 6, 2021, Cole advised the court of a potential change in his address upon his impending release from prison on February 11, 2021. Doc. 32. After the date identified by Cole as his release date, and in an effort to ensure that the court had his correct address, the court entered an order requiring Cole to "provide the court and counsel for Defendants with his current address" and "cautioned [Cole] that if he fails to file a response to this order advising of his current address the undersigned will recommend that this case be dismissed for

such failure." Doc. 33. The Clerk sent a copy of this order to Cole at both his address of record and the possible new address that he previously provided.  Cole, however, filed no response to the order within the time allowed by the court.  In light of Cole's failure to respond, the court entered another order requiring that, on or before June 15, 2021, Cole must "(i) provide the court and counsel for Defendant with his current address and (ii) advise the court of whether he seeks to proceed with this case." Doc. 34.  The order specifically "cautioned [Cole] that if he fails to file a response to this order advising of his current address and his intention to proceed with this case the undersigned will recommend that this case be dismissed for such failure." Doc. 34.  The Clerk again provided Cole a copy of this order at each of his possible addresses.  As of the present date, Cole has filed no response to this order.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After review, it is clear that dismissal of this case is the proper course of action. Cole is indigent—thus, the imposition of monetary sanctions against him would be ineffectual.  Additionally, Cole's inaction in the face of this court's orders suggests a loss of interest in the continued prosecution of this case, and this case cannot properly proceed without his participation.  Finally, it appears that any additional effort by this court to secure Cole's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned finds that Cole has abandoned this case and this abandonment warrants dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The

authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "[t[he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **July 16, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, on this the 1st day of July, 2021.

                                        /s/ Susan Russ Walker
                                        Susan Russ Walker
                                        United States Magistrate Judge